# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD RICHERME and KAREN RICHERME, | |
| Plaintiffs, | No. 18 CV 1286 |
| v. | Judge Manish S. Shah |
| TRUMBULL INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

When Engineered Abrasives sued Edward and Karen Richerme in state court for stealing their trade secrets the Richermes sought indemnification and a defense from Trumbull Insurance Company based on their homeowners' insurance policy. When Trumbull refused, the Richermes filed this lawsuit in state court for breach of their insurance contract and for attorneys' fees under the Illinois Insurance Code. Trumbull removed the case to federal court and now moves for judgment on the pleadings on its counterclaims, arguing that it had no duty to defend or indemnify the Richermes in the underlying lawsuit. Trumbull is correct, and its motion is granted.

## I. Legal Standards

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Such a motion is subject to the same standard as a Rule 12(b)(6) motion to dismiss and should be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that

would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). In resolving a motion for judgment on the pleadings, I draw all reasonable facts and inferences in the non-movant's favor and consider only the pleadings, documents incorporated by reference in the pleadings, and matters subject to judicial notice. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

## II. Background

Trumbull issued an insurance policy to Edward and Karen Richerme to be effective for one year, beginning in December 2016. [1-1] ¶¶ 2, 4. The policy covered claims brought against the insured for bodily injury or property damage. [9-2] at 61. For qualifying claims, the policy required the insurer to indemnify the insured and provide a defense. *Id.* The policy did not cover bodily injury or property damage, however, that arose out of or in connection with a business conducted or engaged in by the insured. *Id.* at 64.

Engineered Abrasives, Inc., manufactured automated blast-finishing, shot-peening equipment, and replacement parts for those machines. [9-1] ¶ 1. On April 27, 2017, it served the Richermes and their son (Edward C. Richerme) with a complaint alleging trade-secret violations, conversion, tortious interference with prospective economic advantage, and civil conspiracy. [1-1] ¶ 5; [9-1] ¶¶ 18–30. In the complaint, Engineered Abrasives alleged that their shot-peening valve sleeves, springs, and seats contained a trade secret, and that over the years it had accumulated numerous trade secrets and confidential information including tooling designs, drawings,

2

fixtures, special designs, spare parts, pricing information, manufacturing, distribution processes, patented machines and patented processes, all of which Edward Richerme and his son had access to while they worked there. [9-1] ¶¶ 1, 7. When Engineered Abrasives terminated Edward C. Richerme, the complaint asserted, he began using its trade secrets to sell replacement parts and with his parents help published the trade secrets to Engineered Abrasives's customers and competitors. *Id.* ¶¶ 8, 10.

The Richermes's attorney sent a copy of the complaint to Trumbull on May 17, requesting that Trumbull defend the lawsuit and indemnify the Richermes from any judgment entered against them. [1-1] ¶¶ 6–8. The Richermes's lawyer emailed a copy of the complaint to Cynthia Walden, who worked for Trumbull. *Id.* ¶¶ 10–11. A week later, the attorney sent another email to Walden, requesting that she confirm receipt of the complaint, and advising that he planned to file an appearance and responsive pleading. *Id.* ¶¶ 13–14. Walden replied the same day, acknowledging both statements. *Id.* ¶ 15. The Richermes did not hear anything else from Trumbull until January 8, 2018, when Walden emailed their lawyer and attached a letter dated December 11, 2017, advising them that Trumbull would not provide a defense or indemnity under their policy. *Id.* ¶¶ 16–18.

## III. Analysis

The Richermes filed this lawsuit in state court against Trumbull for breach of contract and a violation of the Illinois Insurance Code. Trumbull removed the case to federal court and filed a counterclaim seeking declaratory judgment that it had no

3

duty to defend or indemnify the Richermes in their trade-secret lawsuit. Trumbull moves for judgment on the pleadings on its counterclaim, arguing that the underlying suit falls outside the scope of the policy's coverage because it was not for bodily injury or property damage, and because the business exclusion applies. The Richermes failed to respond and so have forfeited all arguments to the contrary. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n. 1 (7th Cir. 2011).

### A. The Insurance Contract

Whether an insurer has a duty to defend a third-party action against the insured is determined by the allegations in the complaint. *W. Cas. & Sur. Co. v. Adams Co.*, 179 Ill.App.3d 752, 756 (4th Dist. 1989).[1] An insurer's refusal to defend is justified only if "it is clear from the face of the complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Int'l Ins. Co. v. Rollprint Packaging Prods., Inc.*, 312 Ill.App.3d 998, 1007 (1st Dist. 2000). The duty to defend does not depend on the probability of recovery and "should not hinge on the draftsmanship skills or whims of the plaintiff in the underlying action." *Id.* Instead, the court should construe the underlying complaint liberally. *Id.* The "duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, one of which is within the coverage of a policy while the others may not be." *Maryland Cas. Co. v. Peppers*, 64 Ill.2d 187,

---

[1] A federal court hearing a case in diversity applies the choice-of-law rules of the forum state to determine which state's substantive law applies. *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). In insurance-coverage cases, Illinois courts consider the domicile of the insured, the place of delivery of the policy, and the place of performance. *Id.* Here, all three factors weigh in favor of applying Illinois law.

194 (1976). If there is no duty to defend, there is no duty to indemnify. *Crum and Forster Managers Corp., et al. v. Resolution Trust Corp.*, 156 Ill.2d 384, 398 (1993).

Trumbull asserts that it did not have to defend the Richermes in their lawsuit because it did not involve claims for property damage or bodily injury. The policy provides:

> If a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which the coverage applies, we will: (1) Pay up to our limit of liability for the damages for which an 'insured' is legally liable; and (2) Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent.

[9-2] at 61. The policy defines bodily injury as "bodily harm, sickness or disease, including required care, loss of services and death that results." *Id.* at 33. Property damage includes "physical injury to, destruction of, or loss of use of tangible property." *Id.* at 35. An occurrence is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: (a) 'Bodily injury' or (b) 'Property damage.'" *Id.*

Though it is clear from the face of the complaint that the underlying suit did not involve bodily injury, it could be construed as alleging property-damage claims. Trumbull argues that trade secrets are intellectual property, and so the damage alleged does not fit the property-damage definition. *See, e.g., Greenwich Ins. Co. v. RPS Prods. Inc.*, 379 Ill.App.3d 78, 86 (1st Dist. 2008) (holding that a patent is not tangible property subject to physical damage and so does not count as property damage under an insurance policy). But under the Illinois Trade Secrets Act a trade secret can be tangible property. *See* 765 ILCS 1065/2(d) (defining "trade secret" as

5

"information, including but not limited to . . . [a] device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers" that is sufficiently secret to derive economic value and subject to reasonable efforts to maintain its secrecy). In its complaint, Engineered Abrasives alleged that the Richermes misappropriated its trade secrets including its designs and drawings, which are tangible items.

The complaint also asserted a claim for conversion. To state a claim for conversion in Illinois a plaintiff must allege that "(1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson*, 184 Ill.2d 109, 114 (1998). Construing the complaint liberally, the trade-secret and conversion claims implicated Engineered Abrasives's loss of use of its tangible property, and so was potentially within the policy's coverage as claims for property damage.

But even if the underlying suit involved property damage, the business exclusion applies. The Richermes's policy did not cover "'[b]odily injury' or 'property damage' arising out of or in connection with a 'business' conducted from an 'insured location' or engaged in by an 'insured,' whether or not the 'business' is owned or operated by an 'insured' or employs an 'insured.'" [9-2] at 64. It defined "business" as "(a) A trade, profession or occupation engaged in on a full-time, part-time, or occasional basis; or (b) Any other activity engaged in for money or other

6

compensation," with certain exceptions. *Id*. at 33. Engineered Abrasives alleged the Richermes helped their son sell the misappropriated trade secrets to its customers. Those sales, which the Richermes engaged in, were part of their son's trade, profession, or occupation. Because the damage to Engineered Abrasives arose out of that activity, the business exclusion applies. Drawing all facts and reasonable inferences in the Richermes's favor, Trumbull had no duty to defend the Richermes in the underlying lawsuit and therefore also has no duty to indemnify them. Because there was no duty to defend, the Richermes's breach of contract claim fails. *Ill. State Bar Ass'n Mut. Ins. Co. v. Cavenagh*, 2012 IL App (1st) 111810, ¶ 24.

### C. Illinois Insurance Code

Section 155 of the Illinois Insurance Code allows an insured to recover attorneys' fees when an action involves an insurance company's liability "or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable." 215 ILCS 5/155(a). "Illinois courts allow a cause of action to proceed under Section 155 only if the insurer owed the insured benefits under the terms of the policy." *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002); *see also West Bend Mut. Ins. Co. v. Rosemont Exposition Servs., Inc.*, 378 Ill.App.3d 478, 492–93 (1st Dist. 2007) (noting that where a defendant does not owe any benefits, it could not have committed vexatious and unreasonable conduct). Because Trumbull did not owe the Richermes anything under their policy, their Section 155 claim fails.

7

## IV. Conclusion

Trumbull's motion for judgment on the pleadings, [14], is granted. Enter judgment and terminate civil case.

ENTER:

Manish S. Shah
United States District Judge

Date: October 23, 2018